CARL E. STEWART, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority’s resolution of the’ liability issues and the affirmance of Hitt’s $76,000 lost wages award in cause No. 01-50117. I also agree that the jury’s mental anguish award of $224,000 is excessive because Hitt’s evidence on this claim was minimal. However, I do not believe that the solution is to zero out the award completely. See Vadie v. Mississippi, 218 F.3d 365, 375-79 (5th Cir.2000) (finding an award of $300,000 in mental anguish dam *252 ages under Title VII was excessive where the only evidence supporting a finding of emotional injury was the plaintiffs own testimony, and concluding that because the evidence presented supported an award no greater than $10,000, either remittitur or a new trial was required).
I respectfully dissent from the majority view that Hitt failed to present sufficient evidence to support some award for mental anguish. In Oden v. Oktibbeha County, Mississippi, we determined that there was sufficient evidence to support a jury award of $20,000 in compensatory damages for mental anguish when the only evidence submitted by Deputy Sheriff Oden was his own testimony that as a result of the defendants’ discrimination, he experienced stress, sleeplessness, betrayal, and shame. 246 F.3d 458, 470-71 (5th Cir.2001); See also Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1046 (5th Cir.1998) (concluding that the evidence, which consisted solely of Migis’ testimony, was sufficiently detailed to preclude this court from holding that the district court abused its discretion in awarding $5,000 in compensatory damages for mental anguish); Williams v. Trader Publ’g Co., 218 F.3d 481 (5th Cir.2000) (upholding an award of $100,000 in compensatory damages for emotional distress, premised solely on Williams’ testimony regarding her “severe emotional distress,” “sleep loss,” “severe loss of weight,” and “beginning smoking”); Forsyth v. City of Dallas, Tex., 91 F.3d 769, 775 (5th Cir.1996) (upholding an emotional distress award of $100,000 that was premised on the plaintiffs testimony describing “depression, weight loss, intestinal troubles, and marital problems”).
In the instant ease, Deputy Constable Hitt testified that his termination
was emotionally trying. I was depressed. I was out of work. I was embarrassed because it never should have happened. And it made me very defensive in terms of applying for jobs and having to go through and explain, if it got to that point what had gone on and why I was out looking for work. I’ve been around law enforcement in Bexar County for a number of years. And people ask you, hey, what’s going on. You know, how come you got fired. It’s kind of a blight on your reputation, and it does affect you emotionally.
Hitt’s claim for some compensation is supported by this court’s holdings in Forsyth, Migis, Oden, Vadie, and Williams. In these cases, as in the instant case, there was no corroborating evidence, only the testimony of the plaintiffs. In addition, Hitt’s testimony is arguably comparable to that of Deputy Sheriff Oden, who recovered a $20,000 award from a jury based solely on his testimony.
Along the spectrum of awards that have previously been upheld by this court, it is debatable what specific amount of mental anguish damages Hitt is entitled to. However, it is clear that he is entitled to an award that is greater than zero. Thus, for the foregoing reasons, I would vacate the jury’s mental anguish award of $224,000 and either remit the award down to $20,000, or remand to the district court for a new trial on damages. In cause No. 01-51010, I concur in the remand of the attorney’s fees award for reconsideration in light of the overall reduction of the jury award.